```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


JOHN GUIDRY, et al.,            )
                                )
            Plaintiffs,         )
                                )
      v.                        )    No.  4:12CV1652 FRB
                                )
SEVEN TRAILS WEST, LLC,         )
et al.,                         )
                                )
            Defendants.         )
```

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Allegis Multifamily Trust, L.P.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #19). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs John Guidry and Simul-Vision Cable Systems, Ltd., bring this fraudulent transfer action against defendants Seven Trails West, LLC (Seven Trails); UBS Realty Investors, LLC (UBS); and Allegis Multifamily Trust, L.P. (AMT), alleging that defendants fraudulently caused assets to be transferred from Seven Trails to AMT so as to avoid plaintiffs' collection of a monetary debt owed to them by Seven Trails as a result of a state court judgment. Plaintiffs also allege that defendants UBS and AMT are alter egos of defendant Seven Trails and thus bear the legal duty to pay the judgment owed by Seven Trails to plaintiffs. Plaintiffs, Missouri residents, originally brought this action in

the Circuit Court of St. Louis County, Missouri.  Defendant Seven Trails, a Delaware corporation, removed the cause to this Court on September 14, 2012, invoking this Court's diversity jurisdiction. Defendants UBS and AMT, businesses incorporated in the States of Massachusetts and Delaware, respectively, consented to the removal of the matter to this Court.  Inasmuch as the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction over the cause.  28 U.S.C. §§ 1332(a), 1441.

Defendant AMT now seeks to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(2), arguing that this Court lacks personal jurisdiction over AMT.  Plaintiffs have responded to the motion to which defendant has replied.  For the following reasons, defendant AMT's argument is well taken, and plaintiffs' claims against AMT in this action should be dismissed without prejudice.

In bringing this cause of action, plaintiffs bear the ultimate burden of proving jurisdiction.  To defeat a motion to dismiss for lack of personal jurisdiction, plaintiffs need only make a prima facie showing of jurisdiction. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991).  In determining such a motion, the Court must view the pleadings, affidavits and other evidence in a light most favorable to the nonmoving party. Romak USA, 384 F.3d at 983; Dakota Indus., 946 F.2d at 1387 (citing Watlow Elec. Mfg. v. Patch Rubber Co., 838

F.2d 999, 1000 (8th Cir. 1988)); Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977); see also Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004) (Court may look to matters outside the pleadings to determine whether personal jurisdiction exists).

The information and evidence before the Court on the instant motion, viewed in a light most favorable to plaintiffs, show the following relevant facts:

In 1999, defendant Seven Trails purchased property in St. Louis County, Missouri, known as Seven Trails Apartments (the Apartments). Defendant UBS, a Massachusetts company, is the non-member manager of Seven Trails and has the right, power and authority to act on behalf of Seven Trails. Defendant AMT, a Delaware limited partnership, is an operating partnership and the sole member of Seven Trails.

Plaintiffs are cable service providers and entered into a contract with Seven Trails to provide service to the tenants of the Apartments. In August 2001, Seven Trails terminated the contract with plaintiffs, effective September 30, 2001. On March 31, 2003, plaintiffs sued Seven Trails and UBS for breach of contract. On May 18, 2006, a jury in the Circuit Court of the City of St. Louis, Missouri, found in favor of plaintiffs and awarded $706,000.00 in damages. On appeal, the Missouri Court of Appeals reversed the judgment on damages and remanded the matter for a new

trial thereon. On remand, the trial court determined on the existing record and without a new trial that Seven Trails caused plaintiffs to suffer damages in the amount of $24,363.56, and judgment was entered thereon. The Missouri Court of Appeals reversed this judgment and remanded the matter to the trial court with specific instruction to conduct a new trial on the issue of damages. See generally Guidry v. Charter Commc'ns, Inc., 308 S.W.3d 765 (Mo. Ct. App. 2010).

In September 2011, a new trial on damages was held, and a jury rendered its verdict against Seven Trails, awarding plaintiffs $1,675,000.00 in damages. Judgment for plaintiffs was entered thereon. On September 12, 2012, the Missouri Court of Appeals affirmed this judgment of the trial court. Application for transfer to the Missouri Supreme Court was denied on November 20, 2012. Guidry v. Seven Trails W. LLC., 382 S.W.3d 191 (Mo. Ct. App. 2012) (order) (per curiam).

In the meanwhile, during the pendency of the state court litigation, Seven Trails executed a sales agreement by which it sold the Apartments to BPG Properties, Ltd., for $36,750,000.00. BPG Properties is a Pennsylvania company. The sale and transfer of the Apartments was completed in March 2006, subsequent to the filing of plaintiffs' lawsuit against Seven Trails and two months prior to the commencement of the first trial. Seven Trails executed all documents in connection with the sale outside the

State of Missouri, and the closing of the sale took place outside the State of Missouri.  The proceeds from the sale were wired directly to an account held by AMT at a Bank of America located in Hartford, Connecticut.  Plaintiffs claim that as a result of its sale of the Apartments and the transfer of the proceeds to AMT, Seven Trails rendered itself insolvent and thus judgment-proof.

On April 7, 2007, Bank of America issued a letter of credit to Seven Trails in the amount of $749,100.00 to secure the appeal bond on the first appeal of underlying cause of action.  Plaintiffs claim the monies used to secure the letter of credit were provided to Seven Trails by AMT, without any consideration given by Seven Trails for this transfer of monies.  Plaintiffs further claim that, upon being released from the appeal bond, Seven Trails repaid AMT the full amount of $749,100.00.

Seven Trails and AMT have separate books and records and maintain separate bank accounts.  AMT is not registered to do business in Missouri and has never had an office or post office box in Missouri.  AMT has never had any employees or officers in Missouri, nor has had any bank accounts, advertising or real estate in Missouri.  AMT has never transacted business in Missouri, nor has ever made a contract in Missouri.  No partner of AMT is a resident or citizen of Missouri.

## Discussion

In determining whether plaintiffs have established a

prima facie case of personal jurisdiction, the Court must examine whether Missouri's long-arm statute confers jurisdiction over defendant AMT. Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002). If so, the Court must then determine whether the exercise of personal jurisdiction would violate the Due Process Clause of the Constitution. Id.; Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 225 (8th Cir. 1987). Because it is well settled that the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the Due Process Clause, the Court turns immediately to the question of whether the assertion of personal jurisdiction over defendant AMT would violate the Due Process Clause. Porter, 293 F.3d at 1075.

Due process requires sufficient "minimum contacts" between a defendant and the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The Supreme Court has recognized two theories pursuant to which personal jurisdiction may be asserted over a non-resident defendant: general jurisdiction and specific jurisdiction.

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). *General jurisdiction* may be established if the defendant has carried on a continuous and systematic, even if limited, part of its general business in the forum state. In such circumstances, the alleged injury need not have any connection with the forum state. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984). For general jurisdiction to attach, however, defendant's contacts must be more than "random, fortuitous or attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); Keeton, 465 U.S. at 774. *Specific jurisdiction* is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Burger King Corp., 471 U.S. at 472. See Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

To evaluate the sufficiency of a defendant's contacts, the Court considers five factors: 1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties. Steinbuch, 518 F.3d at 586 (citing Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)). The first three factors are

given primary importance.  Id.  The third factor, addressing the relation of the cause of action to the contacts, applies only with respect to specific jurisdiction and is immaterial in a general jurisdictional inquiry.  Id. (citing Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006)).

In the instant cause, the information and evidence before the Court show AMT not to have carried on any part of its general business in the State of Missouri, let alone any business which can be considered continuous and systematic.  As such, AMT's general conduct does not bring it within the general jurisdiction of this forum state.

Nor can it be said that AMT's alleged conduct in relation to the instant cause of action brings it within the specific jurisdiction of the forum state.  Plaintiffs aver that they suffered injury due to Seven Trails' transfer of its Apartments sale proceeds to an account held by AMT in Connecticut, upon the direction of UBS.  Although plaintiffs' injury is connected to the State of Missouri inasmuch as their judgment against Seven Trails arose out of a Missouri court and the alleged fraudulent transfer of monies relates to Seven Trails' sale of Missouri property, there is no evidence that AMT participated in the sale, was involved in the underlying cause of action from which plaintiffs obtained their judgment against Seven Trails, or was involved in any other activity directed at the State of Missouri.  The transfer of monies

to AMT's account relating to Seven Trails' sale of the Apartments occurred entirely outside the State of Missouri.  AMT's alleged conduct here consists of merely holding a bank account in the State of Connecticut to which monies held outside the State of Missouri were transferred through a transaction involving Pennsylvania and Delaware companies.  By holding this account, AMT did not purposely avail itself of the privileges of conducting activities within Missouri, thereby invoking the privileges and protections of Missouri law.  To maintain this suit in Missouri against AMT based solely on the attenuated impact of its holding of an extraterritorial bank account would offend traditional notions of fair play and substantial justice.  Given AMT's lack of contacts with Missouri, the exercise of personal jurisdiction over AMT in the circumstances of this case would violate constitutional due process.  Peabody Holding Co., Inc. v. Costain Grp. PLC, 808 F. Supp. 1425, 1436-37 (E.D. Mo. 1992).

The undersigned notes, however, that plaintiffs allege in their Complaint that AMT is the alter ego of Seven Trails and thus that they should be allowed to pierce the corporate veil to obtain judgment against AMT for the debt owed by Seven Trails.  "Personal jurisdiction can be properly asserted over a corporation if another is acting as its alter ego, even if that alter ego is another corporation."  Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 649 (8th Cir. 2003).  If a resident corporation is the alter ego of

the nonresident corporate defendant, the resident's contacts are those of the nonresident's and due process is satisfied. Id. Such assertion of personal jurisdiction over the nonresident defendant, however, is contingent upon the ability of the plaintiffs to pierce the corporate veil. Id. The law of the state of incorporation determines whether and how to pierce the corporate veil. Id.; In re Bridge Info. Sys., Inc., 325 B.R. 824, 830-31 (Bankr. E.D. Mo. 2005). See also Matson Logistics, LLC v. Smiens, No. 12-400 ADM/JJK, 2012 WL 2005607, at *6 (D. Minn. June 5, 2012); American Recreation Prods., Inc. v. Novus Prods. Co., LLC, No. 4:06CV258-DJS, 2006 WL 3247246, at *2 (E.D. Mo. Nov. 8, 2006).

Both defendants AMT and Seven Trails are incorporated under the laws of the State of Delaware. In order to state a claim under Delaware law for piercing the corporate veil under the alter ego theory, plaintiffs must show: "'(1) that the corporation and its shareholders operated as a single economic entity, and (2) that an overall element of injustice or unfairness is present.'" In re Opus East, L.L.C., 480 B.R. 561, 570 (Bankr. D. Del. 2012) (quoting Trevino v. Merscorp, Inc., 583 F. Supp. 2d 521, 528 (D. Del. 2008)).[1] To determine whether a "single economic entity" exists between the corporation and its shareholder/member, that is,

---

[1] In Delaware, a member of a limited liability company is the equivalent of a shareholder of a corporation. In re Opus East, L.L.C., 480 B.R. at 570 n.4 (citing Del. Code Ann. tit. 6, § 18-302). In the instant cause, AMT is the only member of Seven Trails.

between Seven Trails and AMT, the Court must consider the following factors: "(1) undercapitalization; (2) failure to observe corporate formalities; (3) nonpayment of dividends; (4) the insolvency of the debtor corporation at the time; (5) siphoning of the corporation's funds by the dominant stockholder; (6) absence of corporate records; and (7) the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders." Trevino, 583 F. Supp. 2d at 528-29. "'While no single factor justifies a decision to disregard the corporate entity,' some combination of the above is required, and 'an overall element of injustice or unfairness must always be present, as well.'" Id. at 529 (quoting United States v. Golden Acres, Inc., 702 F. Supp. 1097, 1104 (D. Del. 1988)). Delaware law requires that the alleged fraud or injustice come from defendants' use of the corporate form itself as a sham, and not from the underlying claim. Marnavi S.P.A. v. Keehan, ___ F. Supp. 2d ___, No. 08-389-LPS, 2012 WL 5275470, at *10 (D. Del. 2012).

Here, plaintiffs allege in their Complaint that AMT has been the sole member of Seven Trails since August 1996 and that, as the sole member, AMT "has complete control and dominion of Seven Trails' finances, businesses, and policies." (Pltfs.' Sec. Amd. Compl, Doc. #15 at paras. 45, 46.) Plaintiffs further allege that the conveyance of the Apartments assets to AMT rendered Seven Trails undercapitalized and insolvent "in order to otherwise avoid

- 11 -

Seven Trails' legal duty to pay the judgment owed to Plaintiffs." (Id. at para. 48.)  Other than these conclusory allegations, plaintiffs have presented no evidence demonstrating that AMT and Seven Trails operated as a single economic entity or that they used the corporate form *itself* as a sham.  "[M]ere ownership or direction of a corporate entity, without more, is not sufficient to establish that the corporate form should be disregarded." Marnavi S.P.A., 2012 WL 5275470, at *9 (internal quotation marks and citation omitted).  Upon the information and evidence before the Court, plaintiffs are unable to pierce the corporate veil and are therefore unable to establish personal jurisdiction over defendant AMT through the conduct of Seven Trails.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Allegis Multifamily Trust, L.P.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #19) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendant Allegis Multifamily Trust, L.P., are hereby dismissed without prejudice.

*/s/ Frederick R. Buckles*
_____
UNITED STATES MAGISTRATE JUDGE

Dated this  *6th*  day of May, 2013.