UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN GUIDRY, et al.,            )
                                )
           Plaintiffs,          )
                                )
      v.                        )   No.  4:12CV1652 FRB
                                )
SEVEN TRAILS WEST, LLC,         )
et al.,                         )
                                )
           Defendants.          )

## MEMORANDUM AND ORDER

Presently pending before the Court is defendants Seven Trails West LLC and UBS Realty Investors LLC's Motion to Dismiss for Failure to State a Claim (Doc. #21).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs John Guidry and Simul-Vision Cable Systems, Ltd., cable service providers, bring this fraudulent transfer action against defendants Seven Trails West, LLC (Seven Trails); UBS Realty Investors, LLC (UBS); and Allegis Multifamily Trust, L.P. (AMT), alleging that defendants fraudulently caused assets to be transferred from Seven Trails to AMT so as to avoid plaintiffs' collection of a monetary debt owed to them by Seven Trails as a result of a state court judgment.[1]  Plaintiffs also allege that defendants UBS and AMT are alter egos of defendant Seven Trails and

---

[1] By a separate Memorandum and Order entered this date, defendant AMT was dismissed from this cause without prejudice due to lack of personal jurisdiction.

thus bear the legal duty to pay the judgment owed by Seven Trails to plaintiffs. Plaintiffs, Missouri residents, originally brought this action on August 3, 2012, in the Circuit Court of St. Louis County, Missouri. Defendant Seven Trails, a Delaware corporation, removed the cause to this Court on September 14, 2012, invoking this Court's diversity jurisdiction. Defendants UBS and AMT, businesses incorporated in the States of Massachusetts and Delaware, respectively, consented to the removal of the matter to this Court. Inasmuch as the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction over the cause. 28 U.S.C. §§ 1332(a), 1441.

Defendants Seven Trails and UBS now seek to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that they fail to state a claim against them upon which relief can be granted inasmuch as they are barred by the relevant statute of limitations. Defendants also seek to dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 9(b), arguing that they fail to meet the heightened pleading standard for bringing claims of fraud. Plaintiffs have responded to the motion to which defendants have replied. For the following reasons, defendants' motion should be denied.

**I. Allegations in the Complaint**

A review of plaintiffs' Second Amended Complaint (Doc. #15) shows plaintiffs to allege the following:

During and prior to March 2006, defendant Seven Trails owned property known as Seven Trails Apartments (the Apartments), in relation to which plaintiffs were parties to a contract for cable service. Defendant UBS, a Massachusetts company, is the manager of Seven Trails. AMT, a Delaware limited partnership, is the sole member of Seven Trails and has held assets for Seven Trails.

In August 2001, plaintiffs issued a demand letter to the managing company for the Apartments for amounts owed, stating that they had been injured in an amount exceeding $1.453 million dollars. In March 2003, plaintiffs sued Seven Trails and UBS for breach of contract. In March 2006, Seven Trails completed a sales transaction whereupon it transferred title and possession of the Apartments, its sole asset, to BPG Properties, Ltd., for $36,750,000.00. The proceeds from the sale were wired directly to a bank account held by AMT. Seven Trails has held no assets in its name since the sale of the Apartments.

On May 18, 2006, two months subsequent to Seven Trails' sale of the Apartments, judgment was entered against Seven Trails in the amount of $706,000.00 in favor of plaintiffs. Seven Trails appealed the judgment and posted an appeal bond secured by a letter of credit in the amount of $749,100.00 based upon monies provided to Seven Trails by AMT. In 2008, the Missouri Court of Appeals reversed the judgment on damages and remanded the matter for a new

trial thereon. Seven Trails was released from the appeal bond and repaid AMT the full amount of $749,100.00. On remand, the trial court determined a new damage award on the existing record and without a new trial. In 2010, the Missouri Court of Appeals reversed this judgment and remanded the matter to the trial court with instruction to conduct a new trial on the issue of damages.

In September 2011, a new trial on damages was held, and a jury rendered its verdict against Seven Trails, awarding plaintiffs $1,675,000.00 in damages. On September 4, 2012, the Missouri Court of Appeals affirmed this judgment of the trial court. Seven Trails did not post an appeal bond or offer security against the September 2011 judgment. Seven Trails has asserted to plaintiffs that it has no assets.

Plaintiffs claim that as of May 18, 2006, they were creditors of Seven Trails as a result of the judgment entered that date against Seven Trails, and that Seven Trails' transfer of its assets in March 2006 – done at the direction of UBS – constituted a fraudulent transfer done with the intent to hinder, delay or defraud plaintiffs in their attempt to collect monies owed to them. Plaintiffs also claim that UBS is the alter ego of Seven Trails and thus is liable for the debt owed by Seven Trails to plaintiffs.

## II. Discussion

A. <u>Failure to State a Claim - Statute of Limitations</u>

When reviewing a motion to dismiss for failure to state

a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim. A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555-56 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974).

Defendants contend that plaintiffs are unable to obtain relief on the claims raised in their Second Amended Complaint inasmuch as the alleged wrongful conduct occurred outside the relevant statute of limitations. Defendants argue, therefore, that the claims must be dismissed under Fed. R. Civ. P. 12(b)(6).

Under Mo. Rev. Stat. 428.049.1,

> A claim for relief or cause of action with respect to a fraudulent transfer or obligation . . . is extinguished unless action is brought . . . within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]

The Second Amended Complaint claims that the alleged fraudulent transfer occurred in March 2006. Plaintiffs filed the instant cause of action in August 2012, over six years after the alleged wrongful conduct. As such, if the Court were to focus only on the "within four years after the transfer was made" language of the statute, plaintiffs' claims of fraudulent transfer would be barred.

However, the statute also provides that, if a claim alleges conduct outside the four-year limitations period, it nevertheless is timely if it is brought "within one year after the transfer . . . was or could reasonably have been discovered by the claimant[.]" Notably, plaintiffs' Second Amended Complaint is silent as to when they discovered defendants' alleged wrongful

conduct. Although defendants cite to various occurrences from which plaintiffs could have reasonably discovered the transfer which would place plaintiffs' claims outside the one-year limitations period, this Court must afford plaintiffs all reasonable inferences in determining this motion to dismiss and must limit its review to the allegations on the face of the Complaint, generally ignoring matters outside the pleading. Butler v. Bank of Am., N.A., 690 F.3d 959, 961 (8th Cir. 2012); Miller v. Redwood Toxicology Lab., 688 F.3d 928, 931 (8th Cir. 2012). Nevertheless, where the running of a statute of limitations depends upon when a plaintiff discovered or by reasonable diligence could have discovered the alleged fraudulent conduct, a factual question exists and summary disposition is inappropriate. Bueneman v. Zykan, 181 S.W.3d 105, 112 (Mo. Ct. App. 2005).[2]

On review of the allegations raised in plaintiffs' Second Amended Complaint, it cannot be said that plaintiffs cannot obtain relief on the claims raised or are not entitled to offer evidence to support their claims. Defendants' Motion to Dismiss under Rule 12(b)(6) should therefore be denied.

B.   Heightened Pleading Standard of Rule 9(b)

"In alleging fraud . . . , a party must state with

---

[2]In addition, given the lengthy history of the underlying litigation, there is a question as to when plaintiffs would have had standing to bring a fraudulent transfer action inasmuch as the monetary judgment against Seven Trails, and plaintiffs' ability to collect thereon, remained uncertain and without finality until well after March 2006.

-7-

particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b).

> To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.

United States, ex rel. Raynor v. National Rural Utils. Coop. Fin., Corp., 690 F.3d 951, 955 (8th Cir. 2012) (internal quotation marks and citation omitted).

A review of plaintiffs' Second Amended Complaint shows it to satisfy the requirement to plead "'the who, what, when, where, and how'" of defendants' alleged fraudulent conduct. Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 764 (8th Cir. 2011) (quoting Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011)). The details provided in plaintiffs' Second Amended Complaint identify the parties and set out the specific conduct involved in the alleged fraudulent transfer, and specifically, that UBS directed Seven Trails to transfer the proceeds from the Apartments sale directly into the account of a separate entity, AMT; that such transfer occurred during the pendency of plaintiffs' lawsuit against Seven Trails and UBS, and was completed in March 2006, two months prior to the entry of judgment against Seven Trails; and that the intent of defendants' conduct and the result thereof was to deliberately undercapitalize Seven Trails and render

it insolvent so as to avoid its legal duty to pay any judgment owed to plaintiffs. These specific allegations fulfill the goal of Rule 9(b) to enable the defendants to respond specifically and quickly to the potentially damaging allegations. Id. at 764. Therefore, to the extent defendants seeks to dismiss plaintiffs' claims for failure to meet the heightened pleading requirement of Rule 9(b), defendants' motion should be denied.

C.   Miscellaneous Grounds for Dismissal

Defendants raise various other grounds upon which they claim the Second Amended Complaint should be dismissed. Some of these grounds restate defendants' arguments under Rules 9(b) and 12(b)(6), and others appear to argue for a more definite statement. Upon review of the defendants' contentions, it cannot be said that plaintiffs' claims are so unintelligible or fail to give fair notice such that a responsive pleading cannot be fashioned. See Young v. Warner-Jenkinson Co., Inc., 170 F.R.D. 164, 165-66 (E.D. Mo. 1996).

Accordingly, defendants' miscellaneous grounds upon which to dismiss plaintiffs' Second Amended Complaint should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants Seven Trails West LLC and UBS Realty Investors LLC's Motion to Dismiss for Failure to State a Claim (Doc. #21) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Seven Trails West LLC and UBS Realty Investors LLC shall answer plaintiffs' Second Amended Complaint within the time prescribed by Fed. R. Civ. P. 12(a).

                                                    _/s/ Frederick R. Buckles_
                                                    UNITED STATES MAGISTRATE JUDGE


Dated this  _6th_  day of May, 2013.